1  Caitlin C. Blanche (SBN 254109)
   caitlin.blanche@klgates.com
2  Andrew S. Gahan (SBN 300598)
   andrew.gahan@klgates.com
3  K&L GATES LLP
   1 Park Plaza
4  Twelfth Floor
   Irvine, CA 92614
5  Telephone:  +1 949 253 0900
   Facsimile:  +1 949 253 0902
6
7  Attorneys for Petitioner
   AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation<br><br>　　　　Petitioner,<br><br>vs.<br><br>MICHAEL ABBARA, an individual, and DOES 1 through 10,<br><br>　　　　Respondents. | Case No.<br><br>**PETITIONER AMAZON.COM, INC.'S PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner Amazon.com, Inc. ("Amazon" or "Petitioner"), by and through its attorneys, K&L Gates LLP, for its Petition to Confirm Arbitration Award against Respondent Michael Abbara ("Abbara" or "Respondent"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an unfair competition/false advertising action involving violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), as well as violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.020, which similarly prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Respondent, as a registered Amazon seller, has engaged in an extensive and concerted effort to mislead Amazon's customers and to manipulate customer reviews for his products.

2. Petitioner seeks an order from this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, confirming the American Arbitration Association arbitration award dated October 31, 2016 rendered in an arbitration before Hon. George A. Finkle, Ret., and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## THE PARTIES

3. Amazon is, and at all times herein mentioned was, a Delaware corporation with its principal place of business in Seattle, Washington.

4. Each day, millions of consumers use Amazon's website to assist with their purchasing decisions. In order to make those decisions more informed, Amazon provides customer reviews of products and services available on Amazon.com. Amazon pioneered customer reviews 20 years ago and is now home to hundreds of millions of unique reviews. Reviews provide a forum for sharing authentic feedback about products and services – positive or negative. Amazon does not remove reviews because they are critical of products; Amazon believes all helpful information can inform its customers' buying decisions. Whether positive, negative, or anywhere in between, Amazon takes the credibility of its customer reviews very seriously.

5.   A very small minority of sellers attempt to gain an unfair competitive advantage by creating false, misleading, and inauthentic customer reviews for their products on Amazon.com.  While small in number, these reviews threaten to undermine the trust that customers, and the vast majority of sellers and manufacturers, place in Amazon, thereby tarnishing Amazon's brand.  Amazon strictly prohibits any attempt to manipulate customer reviews and actively polices its website to remove false, misleading, and inauthentic reviews.  Despite substantial efforts to stamp out the practice, a small number of bad actors continue to endeavor to utilize inauthentic reviews to boost their sales.

6.   Respondent is an individual who resides in Fullerton, California.   On or about September 2015, Respondent registered as an Amazon.com seller, using the seller name "REPZ".

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over the subject matter of this Petition pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, as this is a civil action arising under the Trademark Laws of the United States.  This Court also has supplemental jurisdiction over the underlying state law claim pursuant to 28 U.S.C. § 1367 as it is sufficiently related, stemming from the same underlying acts, to form part of the same case or controversy.

8.   This Court has personal jurisdiction over Respondent because Respondent resides in the city of Fullerton, California.

9.   Venue is proper under 28 U.S.C. § 1391 because Respondent resides in this judicial district.

## FACTS

10.   Attached hereto as **Exhibit 1** is a true and correct copy of the Amazon Services Business Solutions Agreement (the "Agreement"), which contains a mandatory arbitration clause in Section 18, and agreement to be governed by American Arbitration Association ("AAA") rule.  Respondent agreed to be bound by the

1 Agreement when he registered as an Amazon.com seller.  AAA Rule R-52(c) provides
2 a basis for enforcement of any arbitration award in this district:

> *Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.*

6  11.  Attached hereto as **Exhibit 2** is a true and correct copy of the Notice of Appointment of Hon. George A. Finkle. Ret., as the arbitrator in American Arbitration Association Case No. 01-16-0002-0194, *Amazon.com, Inc. v. Michael Abbarra*  (the "Arbitration Proceeding").

10  12.  Attached hereto as **Exhibit 3** is a true and correct copy of the Final Award issued on October 31, 2016 by Hon. George A. Finkle, Ret., in the Arbitration Proceeding (the "Award").

13  13.  The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

15  14.  Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year after the Award was made on October 31, 2016.

## COUNT ONE
### (Confirmation of Arbitration Award)

19  15.  Petitioner repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth within.

21  16.  On or about September 2015, Respondent registered as an Amazon seller under the seller name "REPZ".  He provided the contact name "Michael Abbara," email address mike@repzllc.com, and an address located in Fullerton, California.

24  17.  Respondent agreed to abide by the Agreement, including Amazon's Seller Policies and Guidelines, established to maintain a marketplace that is safe for Amazon's customers and fair to sellers.

27  18.  Through the seller name REPZ, Respondent created or caused to be created fake reviews for his products.  Many such reviews were fictional reviews

created by other Amazon accounts controlled by Respondent. Others were paid reviews. For example, at least 30% of the reviews submitted for Respondent's unique products were from "Sock Puppets"—accounts created by or on behalf of Respondent through which fake personas wrote and posted on Amazon.com fake positive reviews of the products. Respondent engaged in an extensive, deliberate effort to mislead customers through the fake reviews and thereby to increase his sales.

19. On January 24, 2016, Petitioner warned Respondent to discontinue the above-described actions, but he did not.

20. Through REPZ, Respondent generated $133,273 in sales of unique products for which fake positive reviews were posted on Amazon.com.

21. On May 27, 2016, Amazon initiated the subject Arbitration Proceeding by filing a Demand for Arbitration with the American Arbitration Association.

22. Respondent failed to respond to Petitioner's claims. On July 21, 2016, Hon. George A. Finkle, Ret., was appointed as the arbitrator.

23. The arbitration hearing took place on October 11, 2016, and on October 31, 2016, Judge Finkle issued the Award, wherein he found Respondent liable to Petitioner for $133,273 in Lanham Act damages and also awarded Petitioner $7,500 in attorney's fees and $9,500 in costs.

24. The Award also enjoins Respondent, his officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him from: (a) selling products on any of Amazon's websites; (b) opening any Amazon account; (c) accessing Amazon's services in any manner whatsoever; and (d) assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in (a) – (c).

25. Respondent has not sought to vacate, modify, or challenge the Award.

26. Petitioner is entitled to confirmation of the Award, along with entry of Judgment in conformity with the Award.

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award attached hereto as **Exhibit 3** issued by Hon. George A. Finkle, Ret., on October 31, 2016;

2. Enter Judgment in favor of Petitioner Amazon against Respondent Abbara for the sum of $133,273 in Lanham Act damages in accordance with the Award;

3. Award to Petitioner attorney's fees of $7,500 in accordance with the Award;

4. Award to Petitioner costs of $9,500 in accordance with the Award;

5. Issue an Order enjoining Respondent, his officers, agents, representatives, servants, employees, attorneys, successors and assigns from:

   (a) selling products on any of Amazon's websites;

   (b) opening any Amazon account;

   (c) accessing Amazon's services in any manner whatsoever; and

   (d) assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) – (c) of this paragraph; and

6. For such other and further relief as the Court deems proper.

K&L GATES LLP

Dated: February 7, 2017

By: /s/ Andrew S. Gahan
Caitlin C. Blanche
Andrew S. Gahan
Attorneys for Petitioner Amazon.com, Inc.